This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BROKER SOLUTIONS, INC. d/b/a**
**NEW AMERICAN FUNDING,**

Plaintiff-Appellee,

v.                                                                                    **No. 35,539**

**PATRICK J. ARCHULETA**

Defendant-Appellant,

and

**THE UNKNOWN SPOUSE OF**
**PATRICK J. ARCHULETA, in any;**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY; and**
**WILLIAM BURTON,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia F. LaMar District Judge**

Rose L. Brand & Associates, PC
Eraina M. Edwards
Albuquerque, NM

for Appellee

Law Office of Peter B. Shoenfeld. P.A.

Peter B. Shoenfeld

Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant-Appellant Patrick J. Archuleta appeals from the district court's order denying his motion to set aside a summary judgment against him on the ground of lack of jurisdiction, entered on March 3, 2016. [2 RP 379] In this Court's notice of proposed disposition, we proposed to summarily affirm based on the Supreme Court's newly issued opinion, *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046. Appellant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In his memorandum in opposition, Appellant argues that, because he asserted the defense of lack of standing in his answer to the complaint, *Johnston* does not apply to the present case. [*See* MIO 2–4] In essence, Appellant is arguing that, because he asserted the defense in his answer and because Plaintiff Broker Solutions, Inc. did not raise or brief *Appellant's defense* in its motion for summary judgment, the facts that he did not respond to Plaintiff's motion for summary judgment, that a final judgment

2

was entered against him, and that he did not file his post-judgment motion until after the period for appealing such final judgment had expired, are not relevant in determining whether he may raise prudential standing in his post-judgment motion. [*See id.*] However, Appellant fails to cite any authority in support of such a proposition, so we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{3}     Moreover, *Johnston* made clear that "a final judgment on any . . . cause of action [other than one that lacks standing as a jurisdictional matter], including an action to enforce a promissory note such as this case, *is not voidable under Rule 1-060(B)* due to a lack of prudential standing." *Johnston*, 2016-NMSC-013, ¶ 34 (emphasis added). As Appellant filed his motion to set aside the judgment due to Plaintiff's purported lack of prudential standing *after* the period for appeal following entry of a final judgment had expired [1 RP 123, 146], *see* Rule 12-201(A)(2) NMRA (stating that a notice of appeal shall be filed within thirty days after the judgment appealed from is filed in the district court clerk's office), the fact remains that the final judgment *is not voidable* under Rule 1-060(B) due to a lack of prudential standing, *see*

*Johnston*, 2016-NMSC-013, ¶ 34, regardless of whether Appellant asserted the defense in his answer to the complaint.

{4}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**